ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
    D.C. Atlanta

JUL 2 7 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO |
| DEKALB COUNTY SCHOOL SYSTEM, | COMPLAINT |
| Defendant. | 1 05-CV 1958 |
| | JURY TRIAL DEMAND   CAP |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Ms. Vera Hayes. The Commission alleges that Dekalb County School System failed to promote Ms. Vera Hayes, age 63, to the position of Counselor II ("Head Counselor") at Towers High School because of her age

### JURISDICTION AND VENUE

1   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended,

29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U S.C. Sections 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Dekalb County School System (the "School System" or "Defendant"), has continuously been an Agency or Instrumentality of Dekalb County, Georgia.

5. At all relevant times, Defendant School System has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S C § 626(b).

## STATEMENT OF CLAIMS

7.     On or about March of 2003, the Defendant engaged in unlawful employment practices at Towers High School, and other locations within the Dekalb County School System, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1)   The unlawful practices included failure to promote Ms. Hayes to the position of Counselor II because of her age, 63, despite her qualifications

8     The effect of the practices complained of in paragraph(s) 7 above has been to deprive Ms. Vera Hayes of equal employment opportunities and otherwise adversely affect her status as an applicant for promotion, because of her age.

9.     The unlawful employment practices complained of in paragraphs 7

and 8 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S C. § 626(b)

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the unlawful practice of denying a promotion to Ms. Vera Hayes because of her age, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices

C   Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Ms. Vera Hayes.

D. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to pension adjustment for Ms Hayes.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC DREIBAND
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

S. ROBERT ROYAL
Regional Attorney
Ga. Bar Number 617505

A. Victoria Johnson
Trial Attorney
Ga. Bar Number: 392210

U. S. Equal Employment Opportunity
Commission - Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6820 (general)
Telephone: (404) 562-6812 (direct)
Facsimile· (404) 562-6905